UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CASE NO. 04-10240-MLW |
| ) | |
| LEONARDO LARA ) | |
| ) | |
| Defendant ) | |

**MOTION FOR SENTENCE BELOW APPLICABLE
GUIDELINE SENTENCING RANGE PURSUANT TO U.S.S.G. § 5K1.1**

The United States of America hereby moves the Court, pursuant to U.S.S.G. § 5K1.1, to impose a sentence below the range provided as guidance in the United States Sentencing Guidelines. For the reasons set forth below, the United States recommends a sentence of probation for a period of two years with the condition that he spend the first 7 months in home confinement.

**DISCUSSION**

**I.     Procedural and Factual Background**

On September 10, 2004, the defendant, Leonardo Lara, entered a plea of guilty to a single-count Information charging him with bank larceny in violation of 18 U.S.C. § 2113(a). That charge arose from Lara's participation in the theft of $54,680 from a Brinks armored car. Two other participants, Byron Viteri and, Alberto Tapia, the Brinks driver have been charged with the same crime, based in large part on cooperation provided by Lara.

The following is established by the evidence, including information provided by Lara and corroborated by Viteri. The crime involved Tapia giving Viteri one of the bags of cash picked up by the armored car that day. The armored car's assignment that day was to service a series of

ATMs in the Haverhill area. The car was staffed by Tapia who, as the driver, remained in the car at all times, and a "messenger," whose job it was to retrieve cash from and stock the ATMs on their route. Before the date of the crime, Viteri and Tapia planned to meet at the location of one of the ATMs along the armored car's route. They planned for Tapia to pass a bag of cash retrieved from an earlier stop along the route, while the messenger was servicing the ATM at the meeting location. It does not appear that the messenger was involved in the theft.

According to both Viteri and Lara, Viteri recruited Lara on the morning of the theft and Lara was not aware that Viteri had planned the theft until then. (Viteri had asked Lara to drive him somewhere and told Lara of the plan while en route to the theft.) On the day of the theft, Lara drove Viteri to the location of an ATM along the armored car's route. When the messenger went into the building that houses the ATM at that location, Viteri walked over to the armored car where Tapia handed him a bag of cash. Viteri and Lara have both stated that Viteri paid Lara $2,000 for his role in the theft. According to Viteri, he kept $3,000 and gave the remainder to Tapia.

## II.     Guideline Calculations

As reflected in the plea agreement, the parties agree that U.S.S.G. §2B1.1 is the applicable sentencing guideline provision and calls for an initial base offense level of 6. The parties further agree that U.S.S.G. §2B1.1(b)(1)(D) is applicable as the loss amount is $54,680.00 and, thus, more than $30,000 and less than $70,000, requiring an increase in the BOL of 6. Finally, the parties agree that the offense level should be reduced by two levels pursuant to U.S.S.G. § 3E1.1. It is thus the parties view that the defendant's adjusted offense level is 10.

The defendant's criminal history category is III. Therefore, in the view of the parties, the guideline sentencing range is, is 10-16 months.[1]

**III.    Cooperation**

Before being charged with the instant offense, Lara confessed immediately upon being approached by the FBI. He immediately provided information about Viteri's involvement and stated that the driver was involved, although he did not see the driver or know Tapia. Lara testified before the grand jury and agreed to testify at trial. Based in large part on the information Lara provided, the government filed a criminal charge against Viteri. Informed of Lara's cooperation, Viteri agreed to plead guilty and cooperate as well. Lara's cooperation against Viteri was essential to charging Viteri. Moreover, based in large part on information provided by Lara and Tapia, the government has also charged Tapia with the bank larceny.

Under U.S.S.G. § 5K1.1, a downward departure from the guideline sentencing rang may be appropriate "[u]pon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense." U.S.S.G. § 5K1.1. Section 5K1.1 instructs the Court to consider a range of factors in evaluating a substantial assistance motion, including, but are not limited to, the following:

> (1)    the court's evaluation of the significance and usefulness of the defendant's assistance, taking into consideration the government's evaluation of the assistance rendered;

---

[1] The Probation Department has taken the position that a two-level increase in offense level is required because, in the Probation Department's view, the offense involved a firearm. *See* PSR at ¶ 26. The government opposes such an increase because the government does not believe the evidence supports a finding that the offense involved a firearm.

(2) the truthfulness, completeness, and reliability of any information or testimony provided by the defendant;

(3) the nature and extent of the defendant's assistance;

(4) any injury suffered, or any danger or risk of injury to the defendant or his family resulting from his assistance;

(5) the timeliness of the defendant's assistance.

U.S.S.G. § 5K1.1(a); United States v. Mills, 329 F.3d 24, 31 (1st Cir. 2003). For the reasons discussed above, application of these factors to Lara's cooperation militates in favor of a departure. With particular regard to the timeliness of the defendant's assistance, Lara's cooperation is especially deserving of recognition. His confession to the crime and agreement to cooperate was immediate and preceded his being charged or even being informed that he might be charged. Lara's cooperation thus spared the government a significant expenditure of investigative resources.

**IV.    Recommendation**

For the reasons set forth above, the United States recommends a sentence of probation for a period of two years with the condition of home confinement for a period of seven months.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By:    /s/ John A. Capin
_____
JOHN A. CAPIN
(617)748-3264