UNITED STATES OF AMERICA
DISTRICT OF MASSACHUSETTS

CRIMINAL NO.: 04-10240 MLW

UNITED STATES OF AMERICA
v.
LEONARDO LARA

**SENTENCING MEMORANDUM OF LEONARDO LARA**

### Introduction

Leonardo Lara asks this Court to sentence him to a term of supervised release without home confinement, to order no fine but the payment of reasonable restitution.

### Reasonable Restitution

The government, through the plea agreement has given notice that it intends to ask the Court to order restitution in the amount of fifty four thousand six hundred and eighty dollars ($54,680,000.00), the amount taken from the Brinks truck.  The Mandatory Victim's Restitution Act requires that the Court enter an order of restitution for the full amount without regard to the defendant's ability to pay this sum, nor whether the bank was reimbursed through it's insurance. This policy is codified at U.S.S.G. § 5E1.1.

18 U.S.C. § 3664(B)(2)(h) provides that :

> "If the Court finds that more than one defendant has contributed to the
> loss of a victim, the court may make each defendant liable for payment
> of the full amount of restitution or may apportion liability among the
> defendants to reflect the level of contribution to the victim's loss and
> economic circumstances of each defendant."

In any event, the victim may not collect more than the loss.  <u>United States v. Scott</u>, 270 F.3d 30,52-3 (1st Cir.2001).

There were three co-conspirators in the larceny of the Brinks truck.  Albert Tapias was

the driver of the Brinks van. He and Viteri planned the entire larceny. Viteri had purchased an access key that permitted him to remove a bag of cash from the truck with the cooperation of the driver.

Lara was recruited by Viteri on the morning of the crime. He asked Lara for a ride, and then confided in him in transit. With that knowledge, Lara continued to drive as directed by Viteri and stopped near an ATM machine when instructed by Viteri. Viteri exited the automobile and used the key to open the truck and take out the money bag. He returned to the automobile and told Lara to drive away. Afterwards, he paid Lara three thousand dollars for his service.

Lara's role in the offense is substantially less than the other two players. He was not involved in any planning, took no steps in preparation and did not even know about the criminal scheme until he was on the highway. Lara was twenty three years old and impulsively agreed to continue in the venture, without thinking about the consequences. At the ATM machine, he did nothing except wait in his automobile.

Lara has been determined to be indigent, and is represented by counsel appointed by this Court, pursuant to the Criminal Justice Act. Although he is working, his expenses, including child support use up most of his income.

Respectfully submitted,

  /s/ Lenore Glaser

Lenore Glaser, Esq.
25 Kingston Street, 6th Floor
Boston, MA 02114
(617) 753-9988
BBO #: 194220

Dated: January 21, 2005